UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL FOSTER, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED CONTINENTAL HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 3:19-cv-02530-JD<br><br>**ORDER RE MOTION TO DISMISS**<br><br>Re: Dkt. No. 84 |

Defendant United Airlines Holdings, Inc. (United Holdings), which is the parent company of defendant and operating subsidiary United Airlines, Inc. (United), asks to be dismissed under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Second Amended Complaint (SAC), Dkt. No. 74, did not adequately allege that it is an alter ego or otherwise vicariously liable for the personal injuries sustained by plaintiff Foster while traveling on United. Dkt. No. 84 (motion to dismiss). The parties' familiarity with the record is assumed. United Holdings is dismissed without prejudice to a motion to restore it as a party if warranted by facts obtained during discovery.[1]

To plausibly allege an alter ego relationship, a complaint must present facts showing "'(1) there is such a unity of interest and ownership that the individuality, or separateness, of the said person and corporation has ceased, and (2) an adherence to the fiction of the separate existence of the corporation…would sanction a fraud or promote injustice.'" *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 677 (9th Cir. 2017) (quoting *S.E.C. v. Hickey*, 322 F.3d 1123, 1128 (9th Cir.

---

[1] Because United Holdings brought a motion to dismiss, which goes to the sufficiency of the complaint, the Court declines to consider the exhibits filed with the motion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

2003) (ellipses in original)); *see also Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985) (same tests under California state law).

The SAC falls short on this score. The allegations about the corporate relationship between United Holdings and United are conclusory, and even then presented on an "information and belief" basis. *See* Dkt. No. 74 at 7. The SAC says that United Holdings "appears to own 100 percent of United Airlines, Inc.'s stock," *id.*, but that is phrased as a supposition, and in any event the "mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor & Home Design, Inc. v. M-MLS.com,* 394 F.3d 1143, 1149 (9th Cir. 2004). The allegation that United Holdings and United have filed consolidated 10-Ks is also of no moment for stating a plausible alter ego allegation. Dkt. No. 74 at 6. "[C]onsolidated reporting is standard business practice," that does not, in itself, warrant disregarding the corporate form. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 549 (2000). So too for the allegation that United's CEO has a position on the United Holdings board. Some overlap in board officers and management personnel does not undermine the entities' formal separation. *Id.* at 548-49; *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1074 (9th Cir. 2015); *Kramer Motors, Inc. v. British Leyland, Ltd.,* 628 F.2d 1175, 1177 (9th Cir. 1980). The SAC also acknowledges that United Holdings "is not a Part 121 certified commercial air carrier," Dkt. No. 74 at 6, which further dilutes the plausibility of an alter ego relationship between the entities.

This is enough to find that the SAC did not adequately allege an alter ego claim. It is also worth noting that plaintiffs have not demonstrated that dismissing United Holdings would shield fraud or create an unfair windfall for a defendant. "The injustice that allows a corporate veil to be pierced is not a general notion of injustice; rather, it is the injustice that results only when corporate separateness is illusory." *Katzir's Floor & Home Design,* 394 F.3d at 1149. Nothing in the SAC indicates that maintaining the corporate forms here would result in the denial of meaningful relief to plaintiffs, or otherwise perpetrate a wrong on them.

Because this is plaintiffs' second amended complaint, the Court finds leave to amend is not warranted. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). If facts developed

2

during discovery give rise to a good-faith basis for seeking to assert alter ego liability against United Holdings, plaintiffs may file a request to amend under Rule 15.

**IT IS SO ORDERED.**

Dated: June 25, 2021

JAMES DONATO
United States District Judge