UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL FOSTER, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>    Defendants. | Case No. 3:19-cv-02530-JD<br><br>**PRETRIAL ORDER** |

As discussed at the pretrial conference on July 27, 2023, a jury trial is set for August 7, 2023, at 9:00 a.m. and will be conducted under these procedures and rulings.

**I.   TRIAL SCHEDULE**

1. Trial days are Monday through Thursday. Fridays are reserved for the Court's other matters, but may be used here if the case is ready for closings or the jury is deliberating.

2. Trial will be held each trial day from 9:00 a.m. to 2:00/2:30 p.m., with two 15-minute breaks. The Court will set aside time before the jury is seated at 9:00 a.m. as needed to address urgent matters.

3. Plaintiffs, collectively, and each defendant will have up to 30 minutes for opening statements. Duplicative statements by co-parties will not be allowed. The parties are directed to meet and confer on the demonstratives to be used in each side's opening statements.

4. Plaintiffs, collectively, and each defendant will have up to 60 minutes for closing arguments.

5. Each side has 10 hours of trial time, excluding opening statements and closing arguments.

6. As specified in the Court's standing order for civil jury trials, the Courtroom Deputy, Ms. Lisa Clark, will have the final word on the time count.

## II. VOIR DIRE AND JURY SELECTION

1. The Courtroom Deputy will distribute the written juror questionnaire responses to counsel by email by August 1, 2023. The responses will be discussed by Zoom webinar on August 3, 2023, at 1:00 p.m. The Courtroom Deputy will provide counsel with a link.

2. The Court will seat nine jurors using the "strike and replace" method. A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged. The Court will conduct the voir dire based on its own questions and the questions proposed by the parties. The Court will post the proposed voir dire questions by August 3, 2023. The parties may raise any objections or concerns on August 7, 2023, at the start of jury selection.

3. Jury selection typically takes no more than the morning session of the day the venire is sworn in. The parties should be prepared to give an opening statement, if desired, and begin presenting witnesses on August 7, 2023.

## III. COVID-RELATED PROTOCOLS

1. Trial team members who will be present in the courtroom (including attorneys, paralegals, IT staff, interpreters, and any other personnel) need not be masked so long as they have completed a COVID-19 vaccine primary series and received at least one booster. Lead counsel will be responsible for ensuring compliance with this requirement by their team members.

2. Witnesses will not be masked while testifying on the witness stand in order to aid jury comprehension and evaluation. If any witness declines or is unable to certify compliance with the vaccination requirement above, the parties should immediately

alert the Court -- no later than 24 hours before the witness will be called -- so that any necessary accommodations can be discussed.

3. For jurors, the decision to mask will be left up to each individual.
4. Pursuant to Federal Rule of Civil Procedure 43(a), all witnesses' trial testimony must be taken live and in person in open court unless there is a compelling reason not to do so which has been approved by the Court.

## IV. JURY MATERIALS AND OTHER TRIAL PROCEDURES

1. **Jury notebooks**. Jurors will be permitted to take notes. The parties will prepare jury notebooks and bring 12 copies on the first day of trial. The notebooks should be in the form of 1.5-inch 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and must include these materials:
   i. 50 pages of blank, lined paper.
   ii. A tab for witness photos. The jury will be provided with a color photo (a headshot) of each witness just before that witness takes the stand. The party calling the witness is responsible for providing the Courtroom Deputy with 12 three-hole punched, letter-sized copies of each photo. The Courtroom Deputy will distribute the photos to the jury. The witness must appear exactly the same in the photo as they will appear on the witness stand (*e.g.*, same clothing, hairstyle, eyewear). The photo should include the witness's name.
   iii. Tabs for the preliminary and final jury instructions, which the Court will distribute.
2. **Witness exhibit binders**. The parties will prepare exhibit binders on a witness-by-witness basis, and have two copies ready to hand to the Court as each witness is called to the stand.
3. **Sidebars**. There will be no sidebars during trial. The parties should not ask for one. Any issues that need to be discussed outside the presence of the jury may be raised before the start of the trial day or when the jury is on a break.

4. **Motions during trial**. No motions may be filed during trial without the Court's prior approval. Unauthorized motions will be summarily denied.

5. **Objections**. Counsel must stand to state any objections, and should do so by simply stating the rule that forms the basis of the objection. No arguments or elaborations should be made unless called for by the Court.

6. **Witnesses ready**. Each party must have its witnesses for the trial day available in the courthouse and ready to testify. Failure to have the next witness ready or to be prepared to proceed with the evidence will usually constitute resting.

7. **Disclosure of witnesses**. A party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- by 3:00 p.m. two court days before calling the witness to the stand, except that Monday witnesses will be disclosed by the preceding Friday at 3:00 p.m., and Tuesday witnesses will be disclosed by the preceding Saturday at 3:00 p.m. The parties may jointly agree to change this disclosure schedule. Any party that has an objection to a witness call must alert the Court as soon as possible, and the Court will take up the objection outside the presence of the jury.

V. **PLAINTIFFS' MOTIONS IN LIMINE**

1. **MIL No. 1 re Nathaniel Foster's personal marital matters (Dkt. No. 252)**: **GRANTED IN PART**. Defendants may present evidence about plaintiffs' preexisting emotional distress, but not the reasons for any distress with respect to marital issues.

2. **MIL No. 2 re evidence on causes of NJ Foster's brain injury (Dkt. No. 253)**: **DENIED IN PRINCIPLE**. To the extent that defendants want to offer alternative causes, they must lay an adequate foundation.

3. **MIL No. 3 re spoliation of evidence (Dkt. No. 254)**: **DENIED**. There will be no adverse-inference instruction. Plaintiffs may offer testimony that there are missing recordings of Pamela Foster's calls to defendant United's accessibility desk.

4. **MIL No. 4 re precluding defendants from offering evidence that the first responders were negligent (Dkt. No. 255)**: **DENIED**. *See* La. Civ. Code Arts. 2323, 2324.

VI. **DEFENDANTS' MOTIONS IN LIMINE**

1. **MIL No. 1 to exclude mention of other incidents alleged against United (Dkt. No. 261)**: **DEFERRED TO TRIAL**. Plaintiffs have identified too many prior incidents that they intend to introduce at trial, and have not adequately justified why incidents that postdate February 2019 should be admitted. Plaintiffs may offer approximately three to seven proffers, one full court day ahead of time, that identify (i) the prior incident, (ii) the witness who will testify about the prior incident, and (iii) how the prior incident is substantially similar to this case. *See Elsworth v. Beech Aircraft Corp.*, 37 Cal. 3d 540, 555 (1984).

2. **MIL No. 2 to exclude mention of certain conditions at Monroe Regional Airport (MLU) (Dkt. No. 262)**: **DENIED** for the reason stated on the record.

3. **MIL No. 3 to exclude mention of certain conduct of United (Dkt. No. 263)**: **DENIED** for the reason stated on the record.

4. **MIL No. 4 to exclude evidence of NJ Foster's seat assignment on the flight from Houston to Monroe (Dkt. No. 249)**: **DENIED** for the reason stated on the record.

5. **MIL No. 5 to exclude any suggestion that the Houston-Monroe flight had not been completed at the time of the incident (Dkt. No. 250)**: **DENIED** for the reason stated on the record.

6. **MIL No. 6 to exclude evidence that NJ Foster has any ability to experience conscious awareness, experience pain, or respond to stimuli or exhibit emotion (Dkt. No. 256)**: **GRANTED IN PRINCIPLE**. Plaintiffs are not permitted to contradict their own expert to the extent that the expert has opined that NJ is in a persistent vegetative state, cannot experience pain, and/or has no conscious awareness.

7. **MIL No. 7 to exclude evidence of alleged improper conduct prior to the incident (Dkt. No. 257)**: **DENIED** for the reason stated on the record.

1    8. **MIL No. 8 to exclude evidence of bystander plaintiffs' emotional distress not
2    caused by the viewing of the incident (Dkt. No. 258)**: **GRANTED IN PRINCIPLE**.
3    The emotional distress for bystander purposes is limited to plaintiffs' distress upon
4    witnessing the incident in February 2019, at the airport.  *See Thing v. La Chusa*, 48
5    Cal. 3d 644, 667-68 (1989).

## VII.  JURY INSTRUCTIONS AND VERDICT FORM

1. **Proposed jury instructions**.  As discussed with the parties, the jury instructions should follow the most recent publications of the applicable model instructions (Ninth Circuit Model Civil Jury Instructions, California Civil Jury Instructions, etc.) to the fullest extent possible.

2. **Preparation of preliminary and final jury instructions**.  The parties are instructed to revise the jury instructions and file them by **August 2, 2023**, at **12:00 p.m.**  The instructions should be filed separately as preliminary and final instructions.  To the fullest extent possible, the preliminary instructions should copy the language and format in the *Avnet* case, No. 17-7046, Dkt. No. 353, and the final instructions should do the same with respect to Dkt. No. 375 in *Avnet*.  The revised sets should include source notes.  Microsoft Word versions of both sets must be emailed to the Court's jdpo email address.  The parties will have an opportunity to comment on the final versions of these instructions before the Court reads them to the jury.

**IT IS SO ORDERED.**

Dated:  August 1, 2023

JAMES DONATO
United States District Judge